# EXHIBIT A

ANDREA NICOLE COSTELLO

v.

GLEN WOOD COMPANY d/b/a WOOD BROTHERS RACING

**Plaintiff's Complaint Filed August 30, 2019**

# EXHIBIT A

1

Electronically Filed
8/30/2019 4:11 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Joseph J. Troiano, Esq.
Nevada Bar No. 12505
jjt@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

CASE NO: A-19-801210-C
Department 2

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ANDREA NICOLE COSTELLO, an individual;

Plaintiff,

vs.

GLEN WOOD COMPANY d/b/a WOOD BROTHERS RACING, a foreign corporation; DOE Individuals 1–10; DOE Employees 11–20; and ROE Corporations 21–30;

Defendants.

Case No.:
Dept. No.:

**COMPLAINT**

Plaintiff Andrea Nicole Costello, by and through her counsel of record, Jamie S. Cogburn, Esq. and Joseph J. Troiano, Esq. of Cogburn Law Offices, hereby alleges as follows:

**PARTIES, JURISDICTION, VENUE**

1. At all times relevant hereto, Plaintiff Andrea Nicole Costello (hereinafter, "Plaintiff") was an invitee at a property in Clark County, Nevada.

2. At all times relevant hereto and upon information and belief, Defendant Glen Wood Company d/b/a Wood Brother's Racing (hereinafter, "Wood Brother's Racing") was, and

Page 1 of 9

continues to be, a Virginia corporation and was, and continues to be, duly authorized, qualified, and regularly conducting business within Clark County, State of Nevada.

3. Defendants named, referenced or designated herein as Doe Individuals 1–10, Doe Employees 11–20, and Roe Corporations 21–30 are individuals or other business entities of any form whose true names and capacities are unknown to the Plaintiff and are, therefore, sued by their fictitious names. Upon information and belief, each of these Defendants are responsible in some manner for the events and happenings referred to and, in some manner, caused the injuries and damages arising proximately from the subject incident described further herein. At the time of the incident giving rise to this Complaint, these unknown Defendants owned, operated, controlled, leased, managed, maintained, and/or inspected the premises and/or objects on the premises causing the unsafe conditions associated with the premises in question which caused Plaintiff to be knocked down and sustain injuries. Plaintiff will seek leave to amend this Complaint as the true identities of these individuals become known.

4. The Defendants named herein as Doe Employees 11–20, later to be identified, herein alleged, were in the course and scope of their employment or agents who were participating in the events described herein and/or were responsible for training, supervising, and/or controlling the activities of patrons and staff, which were occurring at the subject premises at the time of the subject incident.

5. All of the acts and occurrences giving rise to this action took place in Clark County, Nevada.

6. Nevada courts hold personal jurisdiction over Defendants pursuant to their purposeful contacts with the State of Nevada.

7. Venue in the Eighth Judicial District Court in and for the County of Clark, State of Nevada, is proper pursuant to NRS 13.040.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

9. On September 16, 2018, Defendant Wood Brother's Racing participated in a NASCAR race at the Las Vegas Motor Speedway. located at 7000 Las Vegas Blvd. N., Las Vegas, NV 89115 (hereinafter, "subject property").

10. On September 16, 2018, Plaintiff was on the subject property at the NASCAR race.

11. On September 16, 2018, Plaintiff was permitted to enter Pit Road and observe the race. When Plaintiff was provided a Single Event License pass, she was not advised that she could be knocked to the ground from behind by a pit box weighing over 1,000 pounds.

12. On September 16, 2018, a member of Wood Brother's Racing pushed a large pit box by himself through the area Plaintiff was permitted to enter.

13. The large pit box pushed by the member of Wood Brother's Racing weighed at least 1,000 pounds.

14. As a result of a Wood Brother's Racing team member pushing a large pit box by himself, and without the assistance of at least one other member of the team, he pushed the pit box into Plaintiff's back and caused her to be knocked to the ground.

15. As a result of the subject incident, Plaintiff sustained severe and extensive injuries, including breaking her elbow.

16. Plaintiff did not assume the risk of being knocked to the ground from behind because a member of the Wood Brother's Racing team decided to not seek the assistance of at least one other member of the team when pushing a cart weighing over 1,000 through an area in which patrons were standing.

17. Defendants created a dangerous condition on the subject property when the member the member of Wood Brother's Racing pushed the large pit by himself instead of with the aid of at least another member of the race team through the area in which Plaintiff was permitted to stand.

18. Patrons of the subject property are entitled to a reasonable expectation Defendants would implement adequate safety measures to try to ensure their safety.

19. Defendants, despite their respective duties to implement safety measures, failed to undertake reasonable efforts to ensure patrons, such as Plaintiff, would not be struck by objects, like the pit box involved in the subject incident.

20. Defendants, despite having notice of the dangerous condition created by moving a pit box while there are spectators in Pit Road, failed to undertake reasonable efforts to correct this condition or warn patrons of a potential hazardous and unsafe condition.

21. In failing to implement safety measures, Defendants knew or should have known it was foreseeable a person would be struck by objects being moved in Pit Road.

22. As a result of Defendants' failure to act reasonably in implementing safety measures while moving objects in Pit Road, an unreasonable risk of harm was allowed to exist at the subject property, directly leading to the harms and losses sustained by Plaintiff.

23. As a result of required medical care and treatment, Plaintiff has necessarily incurred associated medical costs in excess of $15,000.00 and may yet incur future medical costs pertaining to future care and treatment.

24. Plaintiff's injuries and associated care and recovery have caused and may continue to cause her to experience pain and suffering.

**FIRST CAUSE OF ACTION**
**(Negligence against All Defendants)**

25. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

27. Defendants knew or should have known failing to maintain the subject property's patron-accessible areas in a reasonably safe condition would create a foreseeable risk of harm to patrons.

28. Defendants knew or should have known that one person pushing a pit box weighing over 1,000 pounds through an area with patrons would create a foreseeable risk of harm to patrons.

29. Defendants had a duty to Plaintiff to ensure that the subject property's premises was free from dangers and hazards, including dangerous and hazardous conditions associated with moving objects in patron-accessible areas.

30. Defendants owed a duty to Plaintiff to not knock her to the ground with a pit box weighing over 1,000 pounds.

31. Defendants created the dangerous condition in the subject property's patron-accessible areas where the subject incident occurred thereby sustaining Plaintiff's injuries.

32. Defendants failed to maintain the subject property's patron-accessible areas in such a way as to avoid it posing a hazard.

33. In failing to properly maintain the subject property's patron-accessible areas, Defendants breached their above-mentioned duties thereby creating a dangerous condition on the subject property.

34. Defendants breached their duty when a member of the Wood Brother's Racing team pushed the pit box into Plaintiff causing her to be knocked to the ground.

35. As a direct and proximate result of the Defendants' breach of their above-described duties to Plaintiff, Plaintiff has incurred physical injuries, some of which may be permanent and disabling, and experienced significant pain and suffering.

36. As a direct result of these injuries, Plaintiff reasonably sought appropriate medical care and treatment and was required to incur the costs and expenses incidental thereto in an amount in excess of $15,000.00.

COGBURN LAW
2580 St. Rose Parkway, Suite 330, Henderson, Nevada 89074
Telephone: (702) 748-7777 | Facsimile: (702) 966-3880

37. Plaintiff may yet require future medical care and treatment as a result of the injuries sustained in the above-described incident and will necessarily incur the costs and expenses associated therewith.

38. As a direct and proximate result of the Defendants' negligence as described herein, Plaintiff has been required to retain the services of an attorney and is, therefore, entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

### SECOND CAUSE OF ACTION
**(Negligent Training and Supervision against All Defendants)**

39. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

40. Defendants owed a duty of care to Plaintiff to use reasonable care in training and supervising individuals hired to perform the maintenance and inspection of the patron-accessible areas at the subject property.

41. Defendants owed a duty of care to Plaintiff to use reasonable care in training and supervising individuals hired to push a pit box through the patron-accessible areas at the subject property.

42. Defendants knew or should have known that Doe Employees were unfit to safely perform the maintenance and inspection of the patron-accessible areas at the subject property.

43. Defendants breached their duty to Plaintiff by failing to reasonably train and supervise Doe Employees regarding the maintenance and inspection of the patron-accessible areas at the subject property prior to the subject incident.

44. Defendants breached their duty to Plaintiff by failing to reasonably train and supervise Doe Employees regarding pushing a pit box through the patron-accessible areas at the subject property prior to the subject incident.

45. As a proximate result of Defendants' breach of their duties, Doe Employees caused the subject incident, causing Plaintiff's injuries.

46. As a proximate result of the subject incident, Plaintiff was injured causing her pain and suffering of both body and mind.

47. Plaintiff reasonably sought medical care and treatment to relieve the pain and injury she sustained in the subject incident, incurring medical costs and charges incidental to such treatment.

48. Plaintiff has been forced to retain the services of an attorney to represent her in this action and is, therefore, entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

### THIRD CAUSE OF ACTION
**(Respondeat Superior against All Defendants)**

49. Plaintiff incorporates by reference each and every allegation made in this Complaint as if fully set forth herein.

50. DOE Employee's name is unknown to Plaintiff, but DOE Employee was working within the course and scope of DOE Employee's employment for Defendants at the time of the subject incident.

51. DOE Employee's liability to Plaintiff for injuries sustained in the subject incident described herein is fully and wholly imputed to Defendants employing DOE Employee pursuant to the doctrine of respondeat superior.

52. Plaintiff has been forced to retain the services of an attorney to represent her in this action and is therefore entitled to a recovery of reasonable attorney fees and costs of litigation.

### FOURTH CAUSE OF ACTION
**(Gross Negligence Against Defendant Wood Brother's Racing)**

53. Plaintiff incorporates by reference each and every allegation previously made in this Complaint as if fully set forth herein.

54. Defendant Wood Brother's Racing knew or should have known that one person pushing a pit box weighing over 1,000 pounds through an area with patrons would create a foreseeable risk of harm to patrons.

55. Defendant Wood Brother's Racing owed a duty to Plaintiff to not knock her to the ground with a pit box weighing over 1,000 pounds.

56. Defendants breached their duty when a member of the Wood Brother's Racing team pushed a pit box into Plaintiff causing her to be knocked to the ground.

57. Defendants failed to exercise the slightest degree of care to Plaintiff when a member of the Wood Brother's Racing team decided to not seek assistance from another member of the race team when he pushed a pit box weighing over 1,000 pounds into a crowded area of patrons.

58. The member of the Wood Brother's Race team acted reckless to Plaintiff when he decided to not seek assistance from another member of the race team when he pushed a pit box weighing over 1,000 pounds into a crowded area of patrons.

59. As a direct and proximate result of the Wood Brother Racing's breach of their above-described duties to Plaintiff, Plaintiff has incurred physical injuries, some of which may be permanent and disabling, and experienced significant pain and suffering.

60. As a direct result of these injuries, Plaintiff reasonably sought appropriate medical care and treatment and was required to incur the costs and expenses incidental thereto in an amount in excess of $15,000.00.

61. Plaintiff may yet require future medical care and treatment as a result of the injuries sustained in the above-described incident and will necessarily incur the costs and expenses associated therewith.

62. As a direct and proximate result of the Wood Brother's Racing gross negligence as described herein, Plaintiff has been required to retain the services of an attorney and is, therefore,

entitled to recover reasonable attorney fees, costs of suit, and pre- and post-judgment interest, as applicable.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the judgment of this Court as follows:

1. General damages for past and future harms and losses in an amount in excess of $15,000.00;

2. Special damages for past and future harms and losses in an amount in excess of $15,000.00;

3. Costs of suit, pre-judgment interest, post-judgment interest, attorney fees; and

4. Such other and further relief as is just and proper.

Dated this 30th day of August 2019.

COGBURN LAW OFFICES

By: /s/Joseph J. Troiano
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Joseph J. Troiano, Esq.
Nevada Bar No. 12505
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*