COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Joseph J. Troiano, Esq.
Nevada Bar No. 12505
jjt@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA NICOLE COSTELLO, an individual, | Case No.: 2:19-cv-01752-APG-BNW |
| Plaintiff, | |
| vs. | **JOINT PRETRIAL ORDER** |
| GLEN WOOD COMPANY d/b/a WOOD BROTHERS RACING, a foreign corporation; TRAVIS ALEXANDER, an individual; DOE Individuals 2–10; DOE Employees 11–20; and ROE Corporations 22–30, | |
| Defendant. | |
| GLEN WOOD COMPANY d/b/a WOOD BROTHERS RACING, | |
| Third-Party Plaintiff, | |
| vs. | |
| NEVADA SPEEDWAY LLC; and FOES I through V and ZOE Corporations VI through X, inclusive. | |
| Third-Party Defendant. | |
| TRAVIS ALEXANDER, | |
| Third-Party Plaintiff, | |
| vs. | |
| NEVADA SPEEDWAY LLC; and FOES I through V and ZOE Corporations VI through X, inclusive. | |
| Third-Party Defendant. | |

Plaintiff Andrea Costello, Defendants/Third-Party Plaintiffs Glen Wood Company d/b/a Wood Brother's Racing and Travis Alexander, and Third-Party Defendant Nevada Speedway, LLC by and through their respective counsel of record, hereby submit this Joint Pretrial Order.

## I.
## NATURE OF THE ACTION AND PLEADINGS

This is an action for Andrea Costello's claims against Glen Wood Company d/b/a Wood Brother's Racing ("Wood Brothers") and Travis Alexander ("Alexander") for Negligence, Gross Negligence against all defendants, and Negligent Training and Supervision against Defendant Wood Brothers. Third-Party Plaintiffs Wood Brothers and Alexander filed a Third-Party Complaint against Third-Party Defendant Nevada Speedway, LLC for indemnity and contribution claims.

## II.
## STATEMENT OF JURISDICTION

This case was removed from the Eighth Judicial District Court in Clark County, Nevada based on diversity of citizenship and the amount of controversy exceeds $75,000.

## III.
## STATEMENT OF STIPULATED FACTS

The following facts are admitted by the parties and require no proof:

1. Plaintiff Andrea Costello attended a NASCAR race at the Las Vegas Motor Speedway on September 16, 2018.

2. While Defendant Travis Alexander pulled a generator cart through the pit road area during the race, the generator cart and Plaintiff Andrea Costello made contact.

3. Plaintiff Andrea Costello was knocked to the ground as a result of the contact between her and the generator cart.

4. Defendant Travis Alexander is an agent of Defendant Glen Wood Company.

. . .

5. Defendant Travis Alexander was pulling the generator cart at the direction of Defendant Glen Wood Company.

6. On December 9, 2019, counsel for Third-Party Plaintiff Glen Wood Company sent Third-Party Defendant correspondence tendering Third-Party's defense of Plaintiff's claims and demanding indemnity.

7. On December 10, 2019, counsel for Third-Party Defendant sent Third-Party Plaintiff's counsel correspondence.

8. Third-Party Defendant acknowledge its insurance policy lists Third-Party Plaintiff Glen Wood Company as an additional insured its policy of insurance.

9. Third-Party Defendant's insurer sent a letter to Third-Party Plaintiff Glen Wood Company's counsel and it states: "This letter will acknowledge your email to Colin Thompson, dated October 7, 2019, wherein you seek a defense and indemnification for Glen Wood Company d/b/a Wood Brothers Racing ("Glen Wood") under the NCC policy, in connection with the above-referenced lawsuit. This letter addresses that request." After citing to contractual provisions in the insurance contract, the letter goes on to state: "Therefore, NCC has no current duty to participate in the defense of Glen Wood until such times as the SIR of $1 million is exhausted, as indicated by the aforementioned KR-GL-67 (4-07) Self-Insured Retention Endorsement (Defense Costs Included in Retention) Endorsement.

## IV.
## STATEMENT OF UNCONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

1. Plaintiff Andrea Costello executed a Document Titled "2018 NASCAR Single Event License."

2. Plaintiff was provided with a "Hot Pass" entitling her to access to the pit area during the NASCAR race at the Las Vegas Motor Speedway on September 16, 2018 because she signed and approved the "2018 NASCAR Single Event License."

## V.
## STATEMENT OF ISSUES OF FACT

The following are the issues of fact to be tried and determined at trial:

1. Whether Plaintiff Andrea Costello was comparatively negligent.

2. Whether Travis Alexander and/or Wood Brothers committed any negligent acts or omissions that contributed to the subject incident.

3. The extent of Plaintiff Andrea Costello's injuries.

4. Whether Third-Party Defendant Nevada Speedway, LLC owes Third-Party Defendants a duty to defend and indemnify them for Plaintiffs' claims in this case.

## VI.
## STATEMENT OF ISSUES OF LAW

The following are the issues of law to be tried and determined at trial:

Third-Party Defendant filed a motion for summary judgment on February 1, 2021. Defendants Travis Alexander and Glen Wood Company filed a motion for summary judgment on March 10, 2021. Defendants' motion argues that by executing a contract with NASCAR, Plaintiff Andrea Costello waived her claims asserted against Defendants Travis Alexander and Glen Wood Company. Plaintiff Andrea Costello filed her opposition to the motion for summary judgment on March 31, 2021. Plaintiff argues that Defendants Travis Alexander and Glen Wood Company are not intended third-party beneficiaries to the contract between her and NASCAR. Plaintiff also argues that she did not assume the risk of being ran over by the generator cart. The parties anticipate a ruling on the motions for summary judgment before trial.

# VII.
# EXHIBITS

**A. THE FOLLOWING EXHIBITS ARE STIPULATED INTO EVIDENCE IN THIS CASE AND MAY BE SO MARKED BY THE CLERK:**

1. Plaintiff's Third Amended Complaint;

2. Defendant Glen Wood Company's Answer to Third Amended Complaint;

3. Defendant Travis Alexander's Answer to Third Amended Complaint;

4. Photographs of Injuries to Plaintiff (P-COSTELLO 0001-0007);

5. Photographs taken on the subject date (P-COSTELLO 0784-0786);

6. Screenshots of Plaintiff's Instagram Account (P-COSTELLO 0787-0789);

7. Aerial View of the Las Vegas Motor Speedway (P-COSTELLO 0791);

8. 2018 Las Vegas Motor Speedway Pit Stall assignments (P-COSTELLO 0792);

9. 2018 Monster Energy NASCAR Cup Results (P-COSTELLO 0954-0955);

10. North Las Vegas Weather History 09/12/18-09/16/18 (P-COSTELLO 0956-0970);

11. Photographs from Travis Alexander's Instagram Account (P-COSTELLO 0971-0974);

12. Screenshots from Travis Alexander's Twitter Account (P-COSTELLO 0975-0976);

13. Video Re: Monster Energy NASCAR Cup Series – Full Race – South Point 400 (9/16/2018) (P-COSTELLO 0977);

14. MRI Radiographic Films taken at Advantage Diagnostic Imaging Center (P-COSTELLO 1200);

15. Site Photographs taken by Neil Opfer (P-COSTELLO 1098-1199);

16. Photographs of Generator Cart (WOOD BROTHERS 000689-000695).

. . .

. . .

. . .

**B.  AS TO THE FOLLOWING EXHIBITS, THE PARTY AGAINST WHOM THE SAME WILL BE OFFERED OBJECTS TO THEIR ADMISSION ON THE GROUNDS STATED:**

**1.  Plaintiff's Exhibits and Objections to Them**

In addition to the exhibits identified above in Section VII (A), Plaintiff's exhibits are as follows:

17. Summary of Plaintiff's claimed medical expenses;

18. National Casualty Company Insurance Policy (LVMS0003-95);

19. Letter dated February 23, 2021 from William S. Butler to Cary B. Davis;

20. Claims File Letters (WOOD BROTHERS 000263-264; 267);

21. Defendant Travis Alexander's Answers to Interrogatories;

22. Dr. Oliveri's reports;

23. Dr. Oliveri's CV; fee schedule; and testimony list; and

24. Dr. Kabins' CV; fee schedule; and testimony list

Defendants/Third Party Plaintiffs object to Plaintiff's proposed Exhibit 17 on grounds of relevance under FRE 401, prejudicial and misleading under FRE 403; lack of foundation; and lack of authentication under FRE 901, 902).

Defendants/Third Party Plaintiffs object to Plaintiff's proposed Exhibit 18 on the grounds of relevance and proprietary basis, as its insurance policy is not admissible evidence at trial.  See FRE 401-403 and 411.

Third-Party Defendant does not object to the admission of Plaintiff's proposed Exhibit 18.

Defendants/Third Party Plaintiffs object to Plaintiff's proposed Exhibit 19 on the grounds of relevance.  See 401-403.

Third-Party Defendant does not object to the admission of Plaintiff's proposed Exhibit 19.

Defendants/Third Party Plaintiffs object to Plaintiff's proposed Exhibit 20 on the grounds of relevance, as its insurance carrier's claim file does not contain any information relevant to the disputed issues in the case and/or said relevant information is outweighed by its prejudical impact. FRE 401.

Defendants/Third Party Plaintiffs object to Plaintiff's proposed Exhibit 21 on the grounds

The parties agree that expert reports, CVs, fee schedules, and testimony lists will not be admitted into evidence. However, for ease of access, the parties agree to include these documents in the trial exhibits binder. Accordingly, Defendants/Third-Party Plaintiffs object to exhibits 22-24.

## 2. Defendants'/Third Party Plaintiffs' Exhibits and Objections to Them

In addition to the exhibits identified above in Section VII (A), Defendants'/Third-Party Plaintiff's exhibits are as follows:

25. NASCAR Single Event License Application 2018. [Bates Nos. WOOD BROTHERS 000249-000251.]

26. Photograph of Pass front and back. [Bates Nos. WOOD BROTHERS 000252-000253].

27. Sanction Agreement NASCAR Sprint Cup Series. [Bates stamped WOOD BROTHERS000645-000681].

28. NASCAR Cup Series Sanction Agreement Assignment and Amendment. [Bates stamped WOOD BROTHERS000682-000688].

29. Dr. Bassewitz's reports; and

30. Dr. Bassewtiz's CV; fee schedule; and testimony list

Plaintiff objects to proposed Exhibits 25-28 on the grounds that the issue of whether Plaintiff executed a valid liability waiver is an issue of law that is currently before the Court in Defendants and Third-Party Plaintiffs' motions for summary judgment. Plaintiff contends that the

issue of whether she executed a valid liability waiver is not an issue of fact to determined by the jury. Plaintiff objects to proposed Exhibits 24-27 on the grounds of hearsay.

Third-Party Defendant does not object to the admission of Defendants/Third-Party Plaintiff's proposed Exhibits 25 and 26.

The parties agree that expert reports, CVs, fee schedules, and testimony lists will not be admitted into evidence. However, for ease of access, the parties agree to include these documents in the trial exhibits binder. Accordingly, Plaintiff object to exhibits 28- 29.

### 3. Third Party Defendant's Exhibits and Objections to Them

31. Pit Hot Pass (WOOD BROTHERS 000252-253)

32. NASCAR Single Event License Application (WOOD BROTHERS 000249-251)

33. National Casualty Company Insurance Policy (LVMS0003-95);

34. Letter dated February 23, 2021 from William S. Butler to Cary B. Davis (LVMS0096-99);

Plaintiff makes the same objections to Exhibits 31 and 32 as stated above. Defendants/Third-Party make the same objections to Exhibits 33 and 34 as stated above.

### C. STATEMENT CONCERNING USE OF EVIDENCE IN ELECTRONIC FORMAT:

None

### D. DEPOSITIONS:

#### 1. Plaintiff will offer the following depositions:

Plaintiff reserves the right to impeach any witness through the use of deposition testimony. For persons that will likely not appear in person at trial, Plaintiff will offer the following deposition testimony:

Witness Terry Hall: 5:11-15; 9:16 – 14:5; 15:24 – 16:12; 18:10-38:13.

Witness Kim Wood Hall:   5:10-17; 8:19-9:5; 9:21-24; 10:18- 17:13; 23:2-24:1; 24:21 – 27:21; 28:5 – 66:17.

**2. Defendants/Third Party Plaintiffs will offer the following depositions:**

Plaintiff's Deposition at: 21:11-22:10; 25:1-7;25:2-26:18; 25:19-26:10; 26:19-28:23; 28:11-23; 30:2-32:16; 31:3-32:16; 34:18; 40:3-10; 94:3-15; 95:10-25; 95:16-23; 96:1-13; 109:14-110:3; 110:19-21; 110:10-111:13;

Travis Alexander's Deposition at: 19:1-21:6; 58:15-18; 59:8-11; 60:14-61:8; 92:16-95:6; 101:9-102:7; 108:16-22; 109:8-10;

Anthony Costello's Deposition at: 7:5-13; 8:18-25; 9:3-14; 18:5-19:15; 35:18-36:4;

**3. Third-Party Defendant will offer the following depositions:**

None

**E. OBJECTIONS TO DEPOSITIONS:**

**1. Plaintiff Objects to Defendants' Depositions as Follows:**

Not including impeachment purposes, Plaintiff objects to use of Plaintiff's Deposition because she will testify at trial. Plaintiff does not object to the use of Defendant Travis Alexander's deposition at trial. Not including impeachment purposes Plaintiff objects to the use of witness Anthony Costello's deposition at trial because he will testify at trial.

**2. Defendants/Third Party Plaintiffs Object to Plaintiff's Depositions as Follows:**

Defendants/Third-Party Defendants object to the use of the Deposition Transcript of Len Wood and Travis Alexander for any purpose other than impeachment as they will testify at trial.

Defendants/Third-Party Plaintiffs object to the use of all of the portions of Kim Hall's and Terry Hall's deposition transcripts Plaintiff identifies above on the grounds of relevance under FRE 401 and because the deposition testimony is prejudicial and misleading under FRE 403 and

lack foundation and calls for speculation as indicated in Defendants/Third-Party Plaintiffs' objections to the questions posed in said depositions.

      **3.    Third-Party Defendant Objects to Plaintiff's Depositions as Follows:**

None

## VIII.
## WITNESSES

The following witnesses may be called by the parties at trial:

**A.    PLAINTIFF'S WITNESSES**

1. Andrea Costello
2. Anthony Costello
3. Randal Costello
4. Jon Froemming
5. Mark Munger
6. Shelly Ruhl
7. Willy Pelotte
8. Travis Alexander
9. Terry Hall
10. Len Wood (personal and FRCP 30(b)(6) capacity)
11. Kim Wood Hall
12. Dr. David Oliveri
13. Dr. Mark Kabins
14. Colin Thompson
15. Janet Kirley
16. Cary Tharrington

17. David Stetzer

18. William Butler

19. Cary B. Davis

**B.  DEFENDANTS' WITNESSES**

1. Dr. Hugh Bassewitz

2. Travis Alexander

3. Len Wood.

4. Andrea Costello

5. Anthony Costello

**C.  THIRD PARTY DEFENDANT'S WITNESSES**

1. Colin Thompson

2. Janet Kirley

3. Cary Tharrington

4. David Stetzer

5. William Butler

6. Cary B. Davis

## IX.
## TRIAL DATES

The attorneys for the Parties have met and jointly offer these three trial dates:

November 1-10, 2021; November 29 through December 8, 2021; December 6, 2021 through December 15, 2021

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

# X.
# TIME FOR TRIAL

It is estimated that the trial will take a total of 7-10 days.

APPROVED AS TO FORM AND CONTENT:

Dated this 28th day of May, 2021.　　　　　　　Dated this 28th day of May, 2021.

COGBURN LAW　　　　　　　　　　　　　　TYSON & MENDES, LLC

By: */s/Joseph J. Troiano*　　　　　　　　　　　By: */s/Thomas E. McGrath*
　　Jamie S. Cogburn, Esq.　　　　　　　　　　　　Thomas E. McGrath, Esq.
　　Nevada Bar No. 8409　　　　　　　　　　　　　Nevada Bar No. 7086
　　Joseph J. Troiano, Esq.　　　　　　　　　　　　Rachel J. Holzer, Esq.
　　Nevada Bar No. 12505　　　　　　　　　　　　Nevada Bar No. 11604
　　2580 St. Rose Parkway, Suite 330　　　　　　　3960 Howard Hughes Pkwy. # 600
　　Henderson, Nevada 89074　　　　　　　　　　Las Vegas, NV 89169
　　*Attorneys for Plaintiff*　　　　　　　　　　　　*Attorneys for Defendants/Third-Party*
　　　　　　　　　　　　　　　　　　　　　　　　*Plaintiffs, Travis Alexander and Glen*
　　　　　　　　　　　　　　　　　　　　　　　　*Wood Company, d/b/a Wood Brothers*
　　　　　　　　　　　　　　　　　　　　　　　　*Racing*

Dated this 28th day of May, 2021.

FENNEMORE CRAIG, P.C.

By: */s/Patrick J. Sheehan*
　　Patrick J. Sheehan, Esq.
　　Nevada Bar No. 83812
　　300 S. Fourth Street, Suite 1400
　　Las Vegas, Nevada 89101
　　*Attorneys for Third Party Defendants*

# XI.
# ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on November 1, 2021, at 9:00 a.m. in courtroom 6C. Calendar call will be held on October 26, 2021, at 8:45 a.m.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

Dated: __June 29, 2021__　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE