|   |   |
|---|---|
| ANDREA NICOLE COSTELLO,<br><br>  Plaintiff<br><br>v.<br><br>GLEN WOOD COMPANY d/b/a WOOD BROTHERS RACING, a foreign corporation; TRAVIS ALEXANDER, an individual; DOE Individuals 2-10; DOE Employees 11-20; and ROE Corporations 22-30,<br><br>  Defendants<br><br>AND RELATED THIRD-PARTY CLAIMS | Case No.: 2:19-cv-01752-APG-BNW<br><br>**Order Denying Nevada Speedway, LLC's Motion for Summary Judgment**<br><br>[ECF No. 71] |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Third-party defendant Nevada Speedway, LLC moves for summary judgment, contending that plaintiff Andrea Nicole Costello signed a release and waiver of liability that bars her claims. ECF No. 71.  I deny the motion because Speedway has failed to explain how it has standing to rely on the release.

Summary judgment is proper where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  The moving party bears the initial burden of informing the court of the basis of its motion and the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Celotex* 477 U.S. at 325;

*see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (stating that the moving party can meet its initial burden by "pointing out through argument . . . the absence of evidence to support plaintiff's claim").

Once the moving party carries its burden, the non-moving party must "make a showing sufficient to establish the existence of [the disputed] element to that party's case." *McGrath v. Liberty Mutual Fire Ins. Co.*, 836 F. App'x 551, 552 (9th Cir. 2020) (quotation omitted). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The parties are familiar with the facts, so I will not repeat them here except where necessary to resolve the motion. Costello claims she was a spectator at a NASCAR race when defendant Travis Alexander ran into her with "a large pit box." ECF No. 55 at 3 ¶ 14. Costello sued Alexander and co-defendant Glen Wood Company, and those defendants filed third-party complaints against Speedway. ECF Nos. 21, 69. Speedway now moves for summary judgment, asking that Costello's complaint be dismissed. ECF No. 71.[1] Speedway argues that, days before Costello was injured, she signed a contract releasing and waiving claims for any injury "caused by the negligence of the releasees" that she might suffer while at the race. *Id.* at 3.

Costello responds that Speedway failed to plead any affirmative defenses to her claims in its answers to the third-party complaints, so Speedway is barred from asserting release and waiver against her. She also argues that Speedway cannot rely on the release agreement because Speedway is not a party to or third-party beneficiary of that contract. Finally, she argues that the

---

[1] Speedway does not move for judgment on the third-party claims asserted against it. Rather, it "requests that Plaintiff's Complaint be dismissed with prejudice." ECF No. 71 at 6. I presume Speedway is referring to Costello's Third Amended Complaint (ECF No. 55).

release agreement does not bar her claim of gross negligence, and there are questions of fact that prevent entry of summary judgment on that claim.

Speedway has not explained why it can assert these affirmative defenses now when it failed to plead them. Speedway points out that Federal Rule of Civil Procedure 14(a)(2)(C)[2] allows it to assert against Costello any defense that Glen Wood and Alexander have to Costello's claims. But Rule 8(c)(1) requires Speedway to "affirmatively state any . . . affirmative defense, including" release and waiver. While Speedway asserted waiver as an affirmative defense to the third-party claims against it,[3] it did not assert waiver or release as affirmative defenses to Costello's claims.

The failure to set forth an affirmative defense in the answer waives that defense. *In re Adbox, Inc.*, 488 F.3d 836, 841 (9th Cir. 2007). However, the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Magana v. Commonwealth of the N. Mar. I.*, 107 F.3d 1436, 1446 (9th Cir. 1997). I may permit Speedway to raise these affirmative defenses for the first time in a motion for summary judgment, but "only if the delay does not prejudice" Costello. *Id.*

The Ninth Circuit cases allowing a defendant to raise an affirmative defense for the first time in a motion for summary judgment do not evaluate whether the defendant should be required to meet Federal Rule of Civil Procedure 16(b)'s "good cause" standard if a scheduling order is in place. "Additionally, to the extent these cases stand for the proposition that prejudice to the plaintiff is the only inquiry, these cases truncate the Rule 15(a) analysis, which, in addition to prejudice to the opposing party, considers bad faith, undue delay, futility of amendment, and

---

[2] Speedway incorrectly refers to Nevada Rule of Civil Procedure 14, which does not apply in this federal proceeding. ECF No. 85 at 4.

[3] *See* ECF No. 27 at 2, ECF No. 82 at 2.

3

whether the moving party previously has amended the pleading at issue." *Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 504-05 (D. Nev. 2013).

I conclude that because Speedway seeks to assert new affirmative defenses in a motion for summary judgment after the deadline to amend pleadings expired, it must meet both Rule 16(b)'s good cause standard for amending the scheduling order as well as Rule 15's standard for amending the pleadings. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-18 (8th Cir. 2008) (holding that the district court erred by failing to apply Rule 16(b)'s good cause standard in ruling on defendants' motion to amend); *Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1140 (D. Idaho 2013) (holding that Rule 16(b)'s good cause standard applies to a defendant's attempt to assert a new affirmative defense after the scheduling order's deadline to amend pleadings has passed); *Hernandez*, 295 F.R.D. at 504-05 (same).

Rule 16(b)'s stringent "good cause" standard focuses on the moving party's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 600 (9th Cir. 1992). That standard typically will not be met where the moving party has been aware of the facts and theories supporting amendment since the inception of the action. *See, e.g., United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007). If Speedway is able to satisfy Rule 16(b)'s good cause standard, then I examine whether the amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608.

Speedway has not addressed, let alone satisfied, any of these standards. It may be that Costello is not prejudiced if I allow Speedway to assert the affirmative defenses of waiver and release, especially if the parties have addressed them in discovery. But the record is unclear on that, and I am not yet convinced that Speedway can demonstrate diligence and good cause to

allow this late amendment. Because I am denying the motion for other reasons, I need not decide this at this time.

    Speedway did not reply to Costello's argument that it has no standing to rely on the release agreement. Speedway impliedly acknowledges that it is not a party to that contract. "To assert standing as a third-party beneficiary to a contract, a plaintiff must show (1) a clear intent to benefit the third party, and (2) the third party's foreseeable reliance on the agreement." *Boesiger v. Desert Appraisals, LLC*, 444 P.3d 436, 441 (Nev. 2019) (citation omitted). Speedway offers nothing to satisfy either of these prongs. It does not present evidence, or even explain, what role it played on the day of the incident, so I cannot determine whether it is a "releasee" or intended beneficiary under the release agreement. I therefore deny Speedway's motion based on the release.

    Finally, Speedway argues that summary judgment is appropriate on Costello's claim of gross negligence "because it is beyond dispute that the incident did not involve gross negligence but was the result of negligence caused by Ms. Costello and/or Mr. Alexander." ECF No. 71 at 5. Speedway offers no admissible evidence in support of this allegation in its motion and attaches only a few pages of Costello's deposition to its reply. Because the same issue is addressed in the summary judgment briefing between Costello and the other defendants with more extensive briefing on both the evidence and the law, I deny Speedway's motion on this issue. As Speedway notes, "[i]f the Plaintiff's claims against the Defendants Wood Brothers and Travis Alexander go away, so do[] the third party claims against Nevada Speedway LLC." ECF No. 85 at 4. Consequently, all parties will benefit by resolution of the issue on more complete briefing.

/ / / /

/ / / /

I THEREFORE ORDER that Nevada Speedway's motion for summary judgment **(ECF No. 71) is DENIED**.

DATED this 30th day of September, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE