UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA NICOLE COSTELLO,<br><br>    Plaintiff<br><br>v.<br><br>GLEN WOOD COMPANY d/b/a WOOD BROTHERS RACING, a foreign corporation; TRAVIS ALEXANDER, an individual; DOE Individuals 2-10; DOE Employees 11-20; and ROE Corporations 22-30,<br><br>    Defendants<br><br>AND RELATED THIRD-PARTY CLAIMS | Case No.: 2:19-cv-01752-APG-BNW<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 80] |

Defendants Glen Wood Company and Travis Alexander moved for summary judgment on all claims against them. ECF No. 80. I conducted a hearing on the motion and granted summary judgment in their favor on plaintiff Andrea Costello's gross negligence claim. ECF Nos. 114, 121. I allowed the parties to submit supplemental briefs on the remaining claim of negligence. Having considered those briefs, I now grant the defendants summary judgment on the negligence claim.

Summary judgment is proper where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The parties are familiar with the facts of this case so I will not repeat them here except as necessary to the motion. Costello was injured while attending a NASCAR race in Las Vegas, Nevada. She contends she was struck by a heavy cart being pulled by Travis Alexander, who

was working as a member of the pit crew for Glen Wood Company, which owned one of the cars in the race. Prior to attending the race, and in order to sit in the restricted area where she was at the time she was injured, Costello signed a Release and Waiver of Liability and Indemnity Agreement (Release Agreement) that provided, in relevant part, that Costello:

> 1. Hereby releases, waives, discharges and covenants not to sue the promoters, participants, . . . vehicle owners, drivers, pit crews, any persons in any restricted area, . . . and each of their respective . . . agents and employees of each of them, all for the purposes herein referred to as the "releasees", from all liability to the undersigned, . . . for any and all loss or damage, and any claim or demands therefore on account of injury to the person or property or resulting in death of the undersigned, whether caused by the negligence of the "releasees", while the undersigned is in or upon the restricted area, and/or competing, officiating in, observing, working for or for any purposes participating in the event(s);
>
> . . . .
>
> 3. Hereby assumes full responsibility for and risk of bodily injury, death or property damage due to the negligence of "releasees" while in or upon the restricted area, and/or while competing, officiating, observing, or working for or for any purpose participating in the event(s). . . .

ECF No. 80-1 at 4. The release agreement "is governed by and construed in accordance with the laws of the State of Florida . . . ." *Id.*

Under Florida law, "[a] waiver that identifies parties by capacity is sufficient to absolve those parties from liability as a matter of law." *Banfield v. Louis*, 589 So.2d 441, 445 (Fla. Ct. App. 1991). Glen Wood Company was a vehicle owner at the race, and Alexander was a member of the pit crew for Glen Wood Company. ECF No. 117-1 at 3. The Release Agreement identifies those capacities as releasees. Thus, under Florida law, the Release Agreement that Costello signed absolves Glen Wood Company and Alexander from liability as a matter of law.

*Banfield* 589 So.2d at 445.[1]  For these reasons and those stated on the record during the October 5, 2021 hearing, I grant the defendants' motion for summary judgment.

I THEREFORE ORDER that the motion for summary judgment **(ECF No. 80) is granted.**  All of the plaintiff's claims against Glen Wood Company and Travis Alexander are dismissed with prejudice.

I FURTHER ORDER the defendants and third-party defendant Nevada Speedway, LLC to file a status report or stipulation dismissing the pending third-party claims by November 12, 2021.

DATED this 27th day of October, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The parties' original briefs devote significant space to discussions about Nevada law on third-party beneficiaries.  Because Florida law applies, I do not need to consider those issues.  But even if I did, I would grant summary judgment in favor of Glen Wood Company and Alexander.  I have "a responsibility to honor the parties' intentions as plainly written . . . ." *Robert Dillon Framing, Inc. v. Canyon Villas Apartment Corp.*, Nos. 55897, 57120, 57927, 2013 WL 3984885, *2 (Nev. Apr. 17, 2013).  The parties' clear intent here was for Costello to waive and release all liability against car owners and pit crew in order to be allowed to sit so close to the action.  She would not have been allowed to be there without the release.  The defendants (as owner and pit crew member) were clearly intended to be beneficiaries under the release agreement. *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824–25 (Nev. 1977).  And it is fairly obvious that they would rely on the release if they were sued for negligence. *Id.*  That was the plain intent of the contract.